UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY ELIZABETH JAMES,<br>　　　Plaintiff, | :<br>:<br>: |
| v. | : 3:10-cv-1111 (WWE) |
| | : |
| INTERACTIVE HOLDINGS, INC.,<br>PRESENTATION STRATEGIES, INC.<br>and ROBERT E. BEFUS,<br>　　　Defendants. | :<br>:<br>:<br>: |

## **MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Mary Elizabeth James brings this action alleging that defendants Interactive Holdings, Inc., Presentation Strategies, Inc. and Robert E. Befus breached her employment agreement by not paying her over $126,000.00 in commissions owed to her. Defendants have filed a motion to dismiss this action for improper venue.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## **BACKGROUND**

For purposes of ruling on a motion to dismiss under Rule 12(b)(3), the Court accepts all allegations of the complaint as true and also reviews the parties' evidentiary submissions.

Mary Elizabeth James was hired by defendant Presentation Strategies, Inc. as a senior manager – account development. At the time that plaintiff was hired, she entered into a written employment agreement that provided the basis for her compensation. The agreement also contained the following provision:

> This Agreement shall be deemed executed and completed in North Carolina. The courts of North Carolina shall have exclusive jurisdiction over any disputes as to the terms of this

Agreement. By their signatures below, the parties consent to the exclusive personal jurisdiction by the courts of North Carolina and to venue in Durham County, North Carolina and waive any objections thereto.

Plaintiff commenced this action asserting a claim for breach of contract and seeking double damages under Conn. Gen. Stat. § 31-72.

## DISCUSSION

Defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b)(3) as well as 28 U.S.C. § 1406, to dismiss this action in its entirety for improper venue.[1] In

---

[1] Defendants also moved under Rule 12(b)(2) and 12(b)(6). The motion only addresses the issue of venue and not of personal jurisdiction. Defendants observe that it is an open question whether a motion to dismiss because of a forum selection clause in a contract is better made pursuant to Rule 12(b)(3) or 12(b)(6). Both Rules appear to be valid mechanisms for dismissing a case because of a forum selection clause. See 5B C. Wright & A. Miller, Federal Practice & Procedure 3d § 1352, at 318-19 (2004) (observing that there is a split among courts on which rule a motion to dismiss because of a forum selection clause should be evaluated). See also Phillips v. Audio Active Ltd., 494 F.3d 378, 382 (2d Cir. 2007) (affirming district court's dismissal for improper venue under Rule 12(b)(3)); Johnsen, Fretty & Co. v. Lands S., LLC, 526 F. Supp. 2d 307 (D. Conn. 2007) (evaluating motion to dismiss under Rule 12(b)(3)). But see Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V., 145 F.3d 505, 508 n.6 (2d Cir. 1998) (evaluating motion to dismiss for forum selection clause under Rule 12(b)(6)); Indymac Mortg. Holdings, Inc. v. Reyad, 167 F. Supp. 2d 222, 242 & n.23 (D. Conn. 2001) ("[A] lower court's decision to dismiss an action based on a finding of a forum selection clause is founded on Rule 12(b)(6)."). See also Chiste v. Hotels.com L.P., 2010 U.S. Dist. LEXIS 120769, *16 (S.D.N.Y. Nov. 15, 2010) ("Venue is governed by statute, and the parties' agreement to litigate elsewhere does not change the fact that venue is statutorily proper here. It is therefore misleading to dismiss Schultz's suit for improper venue under Rule 12(b)(3)."); Cfirstclass Corp. v. Silverjet PLC, 560 F. Supp. 2d 324, 326 (S.D.N.Y. 2008) (citing authority for alternative approaches). This distinction is academic in this case, because although the Court may generally not review materials outside the pleadings on a motion under Rule 12(b)(6), the parties' employment agreement was incorporated by reference in plaintiff's complaint. In addition, plaintiff does not dispute the standard under which the Court should analyze defendants' motion.
 As to personal jurisdiction, defendants reserve the right to contest personal jurisdiction should the Court not grant their motion to dismiss. The Court takes no position on defendants' reservation of their rights.

2

ruling on a motion under Rule 12(b)(3), the plaintiff bears the burden of showing that the venue is proper. Indymac, 167 F. Supp. 2d at 237. If venue is improper, the court may dismiss or transfer the case to any district in which the action could have originally been brought. Johnson, 526 F. Supp. 2d at 310. Determining whether a forum selection clause is enforceable requires a four-step analysis:

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are required to bring any dispute to the designated forum or simply permitted to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause.... The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

Phillips, 494 F.3d at 383-84.

A forum selection clause "made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason...[,] should be honored by the parties and enforced by the courts." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972). So long as the plaintiff was not inappropriately induced into entering into the agreement, the forum selection clause will be enforced. Effron v. Sun Line Cruises. Inc., 67 F.3d 7, 9-10 (2d Cir. 1995); S & L Birchwood, LLC v. LFC Capital, Inc., 2010 U.S. Dist. LEXIS 109435 (E.D.N.Y. Oct. 13, 2010) (finding venue not proper where forum selection clause was mandatory and provided alternative forum).

Plaintiff observes that the forum selection clause was "located on page 5 of the

3

parties' 6 page agreement in fine print and simultaneous with several other 'clauses' under the heading 'Miscellaneous.'" This is the only aspect of plaintiff's opposition that is directed to the reasonableness of the forum selection. Even if the clause was placed in a "hidden" part of the parties' agreement, it is enforceable. See, e.g., Effron, 67 F.3d at 9 (forum selection clause written in fine print enforceable); United Rentals, Inc., v. Pruett, 296 F. Supp. 2d. 220, 225-26 (D. Conn. 2003) (forum selection clause enforceable when included in middle pages of contract even though plaintiff did not read entire document). The Court therefore finds that the forum selection provision was reasonably communicated to plaintiff.

The Court also finds that (1) the language of the provision demonstrates that it is mandatory, rather than permissible; (2) plaintiff's breach of contract claim stems directly from the employment agreement which includes the forum selection clause; and (3) plaintiff has not rebutted the presumption of enforceability.

Plaintiff relies heavily on precedent interpreting 28 U.S.C. § 1404(a). This statute only becomes relevant if the Court were to transfer this case. See S & L Birchwood, 2010 U.S. Dist. LEXIS 109435 at *11. Defendants, however, specifically request that the Court not transfer the case because, they contend, it is unclear whether the forum selection clause calls for this action to be brought in Durham County, North Carolina or the federal court which sits in that county. See Indymac, 167 F. Supp. 2d at 247 (declining to transfer case because clause was unclear as to whether state or federal courts in correct jurisdiction would be appropriate). The cases cited by plaintiff either do not involve forum selection clauses or involve the transfer of cases.

Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988), does not provide the

appropriate standard for determining the enforceability of forum selection clauses in diversity cases; M/S Bremen does. See Phillips, 494 F.3d at 384-85 ("[I]t is well established in this Circuit that the rule set out in M/S Bremen applies to the question of enforceability of an apparently governing forum selection clause, irrespective of whether a claim arises under federal or state law."); Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990) ("A motion to transfer an action to another federal district pursuant to section 1404(a) calls for an individualized, case-by-case consideration of convenience and fairness. The same broad-based balancing is not appropriate where, as here, a party seeks to have an action dismissed or remanded to state court, rather than transferred, on the basis of a forum selection clause that purports to preclude litigation from a venue other than a specific state court."). The Phillips standard, upon which the Court relied above, is derived, in part, from the Supreme Court's opinion in M/S Bremen. See Phillips, 494 F.3d at 383-84 (relying on M/S Bremen for proposition that resisting party has to rebut presumption of enforceability by showing that enforcement would be unreasonable or unjust). As such, M/S Bremen and Phillips, not Stewart, provide the appropriate standard for the Court to apply.

The Court's decision in Sherman Street Associates, LLC. v. JTH Tax, Inc., 2004 U.S. Dist. LEXIS 21102, 2004 WL 2377227 (D. Conn. September 30, 2004), on a motion to transfer venue, therefore, does not apply to this case. See Luv2BFit, Inc. v. Curves Int'l, Inc., 2008 U.S. Dist. LEXIS 75297, *10-11 & n.4 (S.D.N.Y. Sept. 29, 2008) (distinguishing Sherman Street because of different analysis in motion to transfer versus motion to dismiss).

Because plaintiff has not challenged the forum selection clause on the basis of

fraud or coercion, the clause is enforceable.  Venue is not appropriate before this Court, and the case will be dismissed without prejudice to be brought in accordance with the forum selection clause.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss (Doc. #8).  The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 27th day of December, 2010.

                                              /s/
                                    Warren W. Eginton
                                    Senior United States District Judge